TORRUELLA, Circuit Judge,
concurring.
While I agree with this opinion’s analysis finding conditional specific intent on the facts of this case, I write separately in order to emphasize why a narrow reading of this opinion and the requirements for specific intent are in order.
Congress does not have the authority to criminalize any behavior that it desires. Rather, its power is limited, inter alia, by the Commerce Clause. United States v. Lopez, 514 U.S. 549, 552-53, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). This limitation is in place because our system of government is a federal one. Matters of crime control have traditionally been reserved to the states and for good reason. Local understandings about crime, criminal behavior and punishment have varied, as can be seen most recently with the upsurge in states legalizing the use of marijuana.
The dangers inherent in overlapping jurisdiction are evident in this case. Local police were unsuccessful in persuading local prosecutors to bring a case against Diaz, so they appear to have somewhat clarified their account and taken it to the U.S. Attorney’s office, who willingly took the case. These facts suggest the risk of abuse that this type of forum shopping affords to the police.
For these reasons, federal criminal statutes need to be interpreted narrowly, to ensure that the courts are not extending federal jurisdiction beyond the point envisioned by Congress and intruding into realms specifically left to the Commonwealth. Here Congress has built at least two significant limiting features into the elements of the offense: (1) specific intent to commit (2) substantial injury. I will address these in turn, taking the latter first.
I. Substantial Injury
The carjacking statute applies to anyone who “with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so.” 18 U.S.C. § 2119. While there is no definition of “serious bodily harm” in the body of the statute, there is a sentence enhancement imposed when the perpetrator actually causes “[s]erious bodily injury,” which itself is further defined as “bodily injury which involves—(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a *126 bodily member, organ or mental faculty.” 18 U.S.C. § 1365(h)(3). This level of harm contemplated by the statute is significant, and requires more than simply injuring or threatening to injure the victim. There must be an intent to cause something equivalent to “extreme physical pain,” “protracted and obvious disfigurement,” or “protracted loss or impairment of the function of a bodily member, organ or mental faculty.” Id.
II. Specific Intent
While the substantial injury requirement is a significant limiting factor on the types of cases that may be covered by this statute, the specific intent requirement also considerably limits its scope. It is insufficient to prove that substantial injury is a likely or probable result; rather the government has to prove that the defendant specifically intended that substantial injury would occur. The requirement that there be specific intent to cause serious bodily injury has been complicated somewhat by the Supreme Court in Holloway v. United States, 526 U.S. 1, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999). There the Supreme Court held that “[t]he intent requirement of § 2119 is satisfied when the Government proves that ... the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car.” Id. at 12, 119 S.Ct. 966. This has become known as conditional intent, and it means that the government does not have to prove that the defendant always intended, regardless of the victim’s actions, to cause serious bodily harm. Rather, it is enough for the government to prove that the defendant acted with the intent to cause serious bodily harm if such harm was necessary to effect his or her aims.
Either because of the high level of, intent required by the statute or, perhaps more likely, because of the ubiquity of firearms, carjacking cases frequently involve firearms. Holloway, 526 U.S. at 4, 119 S.Ct. 966 (firearm pointed at driver and a threat to shoot unless the driver handed over the car keys); United States v. Melendez-Rivas, 566 F.3d 41, 43 (1st Cir. 2009) (gun held up to victim’s face); United States v. García-Álvarez, 541 F.3d 8, 11-12 (1st Cir. 2008) (victim was assaulted by four men possessing at least one firearm); United States v. Matos-Quiñones, 456 F.3d 14, 16 (1st Cir. 2006) (handgun pressed against victim’s back); United States v. Lebrón-Cepeda, 324 F.3d 52, 57 (1st Cir. 2003) (per curiam) (loaded and cocked revolver placed against the victim’s head); United States v. Evans-Garcia, 322 F.3d 110, 115 (1st Cir. 2003) (gun placed on the victim’s head and told gun was cocked).
Indeed, the original carjacking statute limited itself to carjackings “committed by a person ‘possessing a firearm.’ ” Holloway, 526 U.S. at 5, 119 S.Ct. 966. However, the original statute was amended in 1994 to omit the firearm limitation. Id. Thus, although firearms may frequently still be present at carjackings, it seems clear that Congress did not intend for the statute to only apply to situations in which a firearm is present.
This does not mean, however, that the other limitations present in the statute were, or should be read to have been, watered down. Because firearms are themselves capable of causing serious bodily injury, courts have been quick to find specific intent to cause the same when a firearm is present. The question posed by this case is what set of facts can amount to a specific intent to commit serious bodily injury in the absence of a firearm?
The government points to two cases that it argues suggest that physical threats are sufficient to prove the required intent. In United States v. Edmond, a group of carjackers succeeded in carjacking five vehi- *127 cíes and attempted carjacking a sixth. 815 F.3d 1032, 1038 (6th Cir. 2016), vacated and remanded on other grounds sub nom. Harper v. United States, — U.S. -, 137 S.Ct. 1577, 197 L.Ed.2d 698, 2017 WL 1366702 (2017) (mem.). In five of the six instances, the Sixth Circuit easily upheld the sufficiency of the evidence as to intent because “[t]he intent element of the carjacking offense is satisfied at a minimum if ‘a defendant brandishes a firearm and ... physically touches the carjacking victim.’ ” Id. at 1039 (quoting United States v. Washington, 714 F.3d 962, 968 (6th Cir. 2013)). The attempted carjacking count presented a closer question, however, because the jury did not convict the defendant of the related firearm count, suggesting that it was not necessarily convinced that there was a firearm present at the attempted carjacking. Id. at 1040. The facts of this count are elusive. One of the defendants attempted to steal a car from a valet service but “[t]he valet wrestled the keys away from [the defendant].” Id. The Sixth Circuit held that “the jury reasonably could have viewed [the defendant’s] physical fight with the valet as indicative of ‘intent to cause death or serious bodily harm.’ ” Id In making this argument the Sixth Circuit relied on its own prior precedent holding that “[t]he requisite mens rea can be shown by evidence of an intent to use a knife, a baseball bat, brute force, or any other means that indicates an ability and willingness to cause serious bodily harm or death if not obeyed.” United States v. Fekete, 535 F.3d 471, 480 (6th Cir. 2008).
Those courts that have not found specific intent tend to base their holding on Holloway’s finding that “an empty threat, or intimidating bluff, ... standing on its own, is not enough to satisfy § 2119’s specific intent element.” 526 U.S. at 11, 119 S.Ct. 966. For example, in United States v. Bailey, the Fourth Circuit found insufficient evidence of specific intent when the defendant jumped in the backseat of a vehicle, pressed something cold and hard against the neck of the driver, and then drove off in the vehicle after the driver abandoned it in fear for his life. 819 F.3d 92, 95 (4th Cir. 2016). The court reasoned that all of the cases finding specific intent had evidence showing that the defendants “threatened their victims with actual weapons, made affirmative threatening statements, and/or physically assaulted their victims.” Id. at 97. In Bailey, in contrast, the Fourth Circuit found that by holding a hard object against the driver’s neck the defendant intended to coerce the victim, but absent evidence of an actual weapon this could not amount to a specific intent to cause serious harm to the victim. Id. Even combined with evidence of “generalized recklessness and desperation” the court found this insufficient to support a finding of specific intent. Id. at 98.
I am willing to join the majority opinion because the facts of this case more closely align with the threats and attempts to use brute force identified by the Sixth Circuit above, than they do with the “empty threat” or “bluff’ identified by Holloway and the Fourth Circuit. Moreover, while certain forms of physical struggle, while not necessarily indicating an empty threat or bluff may still not rise to the level of threatening serious bodily harm, in this case, Diaz displayed a willingness to use as much physical force as was necessary to effectuate his aims. His actions in physically struggling with both Mrs. Irizarry and Mr. Vázquez do not have the appearance of being empty threats or bluffs but rather actual attempts to use brute force to take the car. The acts of violence that Diaz actually committed, combined with the continuing escalation of violence as he encountered and overcame obstacles in taking the car, all indicate that the jury had *128 sufficient evidence to find specific intent to cause serious bodily injury. This case should not be read to indicate, however, that we are lowering the threshold required to find specific intent. Rather, we are merely finding, consistent with the carjacking statute, that there are numerous ways by which serious bodily injury may be committed.